Semnar & Hartman, LLP
Babak Semnar, Esq. (#224890)
bob@semnarlawfirm.com
Jared M. Hartman (#254860)
jaredhartman@jmhattorney.com
400 S. Melrose Drive, Suite 209
Vista, California 92081
Telephone: (951) 293-4187
Fax: (888) 819-8230

Attorneys for Plaintiff,
NASRIN SHAPOURI

## U.S. DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NASRIN SHAPOURI, an individual<br><br>Plaintiff,<br><br>v.<br><br>FRANKLIN COLLECTION SERVICE, INC.;<br><br>Defendant. | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL FOR VIOLATIONS OF:**<br><br>1. **FEDERAL FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, et seq.;**<br>2. **STATE OF CALIFORNIA ROSENTHAL ACT, CALIF. CIV. CODE § 1788, et seq.;**<br>3. **CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT, CALIF. CIV. CODE 1785.25(a)** |

Plaintiff, NASRIN SHAPOURI, an Individual, by and through her attorneys of record, hereby complains and alleges as follows:

**INTRODUCTION**

1. Plaintiff, by and through her attorneys of record, brings this action to

1
**COMPLAINT**

secure redress from unlawful debt collection practices engaged in by Defendant FRANKLIN COLLECTION SERVICE, INC. (hereinafter "Defendant FRANKLIN") in violation of the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692-1692p (hereinafter "FDCPA"); the State of California Rosenthal Act, California Civil Code § 1788-1788.32 (hereinafter "Rosenthal" or "Rosenthal Act"); and the State of California Consumer Credit Reporting Agencies Act, California Civil Code § 1785.25(a) (hereinafter "CCRAA").

2. Plaintiff makes the allegations below on information and belief, with the exception of those allegations that pertain to Plaintiff personally, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

3. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4. In 15 U.S.C. § 1692(a)-(e), the U.S. Legislature made the following findings and purpose in creating the FDCPA:

> Abusive practices. There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.
>
> Inadequacy of laws. Existing laws and procedures for redressing these injuries are inadequate to protect consumers.
>
> Available non-abusive collection methods. Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

Interstate commerce. Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

Purposes. It is the purpose of this title [15 USCS §§ 1692 et seq.] to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

5. In Calif. Civil Code § 1788.1(a)-(b), the California Legislature made the following findings and purpose in creating the Rosenthal Act:

(a)(1) The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts. Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.

(2) There is need to ensure that debt collectors and debtors exercise their responsibilities to another with fairness and honesty and due regard for the rights of the other.

(b) It is the purpose of this title to prohibit debt collectors from engaging in unfair or deceptive acts of practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts, as specified in this title.

## JURISDICTION AND VENUE

4. This action arises out of Defendant FRANKLIN's violations of the Federal FDCPA, over which the U.S. District Court has original subject matter jurisdiction pursuant to 15 U.S.C. § 1681p.  The U.S. District Court has supplemental jurisdiction

1  over all state law causes of action pursuant to 28 U.S.C. § 1367(a).

2      5.    Because Defendant FRANKLIN regularly conducts business within the State of California by contacting California residents for purposes of debt collection, personal jurisdiction is established.

    6.    Venue in this District is proper pursuant for the following reasons: (i) Plaintiffs both reside in the County of Riverside, State of California, which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendant has conducted business within this judicial district at all times relevant.

## PARTIES & DEFINITIONS

    7.    Plaintiff is a natural person whose permanent residences is in the County of Los Angeles, State of California, and is therefore a "person" as that term is defined by California Civil Code § 1788.2(g) of the Rosenthal Act.

    8.    Plaintiff, as a natural person allegedly obligated to pay a consumer debt to Defendant, alleged to have been due and owing, is therefore both a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) of the FDCPA, and a "debtor" as that term is defined by California Civil Code § 1788.2(h) of the Rosenthal Act.

    9.    As a partnership, corporation, limited liability company, or other similar entity, Defendant is therefore a "person" within the meaning of California Civil Code § 1788.2(g) of the Rosenthal Act.

    10.    Defendant FRANKLIN alleged that they were servicing and collecting

1  upon a defaulted telephone bill that Plaintiff initially owed to AT&T, which Defendant
2  alleged that Plaintiff owed for a contract that allegedly involved Plaintiff obtaining
3  phone service and owing monies to AT&T in arrears after the service was provided.
4  Therefore, Plaintiff is informed and believes that the money alleged to have been owed
5  to Defendant originated from monetary credit that was extended primarily for personal,
6  family, or household purposes, and is therefore a "debt" as that term is defined by 15
7  U.S.C. § 1692a(5) of the FDCPA and California Civil Code § 1788.2(d) of the
8  Rosenthal Act.

9  11.  Therefore, the money that Defendant was attempting to collect was a
10 "consumer credit transaction" within the meaning of California Civil Code § 1788.2(e)
11 of the Rosenthal Act.

12 12.  Because Plaintiff, a natural person allegedly obligated to pay money
13 arising from what Plaintiff is informed and believes was a consumer credit transaction,
14 the money allegedly owed was a "consumer debt" within the meaning of California
15 Civil Code § 1788.2(f) of the Rosenthal Act.

16 13.  Plaintiff is informed and believes that Defendant FRANKLIN utilizes the
17 instrumentalities of interstate commerce and the mails in a business for which the
18 principal purpose is the collection of any debts, is one who regularly collects or
19 attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or
20 due another or themselves, and is therefore a "debt collector" within the meaning of 15
21 U.S.C. § 1692a(6) of the FDCPA and California Civil Code § 1788.2(c) of the

1 Rosenthal Act, and thereby engages in "debt collection" within the meaning of California Civil Code § 1788.2(b) of the Rosenthal Act.

14. As it pertains to the California CCRAA, Plaintiff is a natural person, and is therefore a "consumer" as that term is defined by Calif. Civ. Code § 1785.3(b) of the California CCRAA.

15. As it pertains to the California CCRAA, the causes of action herein pertain to Plaintiff's "consumer credit reports", as that term is defined by Calif. Civ. Code § 1785.3(c) of the California CCRAA, in that inaccurate misrepresentations of Plaintiff's creditworthiness, credit standing, and credit capacity were made via written, oral, or other communication of information by a consumer credit reporting agency, which is used or is expected to be used, or collected in whole or in part, for the purpose of serving as a factor in establishing Plaintiff's eligibility for, among other things, credit to be used primarily for personal, family, or household purposes, and employment purposes.

16. Defendant is a partnership, corporation, association, or other entity, and is therefore a "person" as that term is defined by Calif. Civ. Code § 1785.3(j) of the California CCRAA.

## FACTUAL ALLEGATIONS

17. Sometime in June of 2014, Defendant began sending written correspondence to Plaintiff's address within the County of Los Angeles, alleging that they were a debt of $56.82 that Defendant alleged Plaintiff had initially owed to AT&T

1  for account number 323-669-7391 810.

2      18.    Defendant alleged that Plaintiff incurred this financial obligation by way of
3  receiving phone services and owing AT&T the monies at the end of the month after
4  having received such services.

5      19.    Plaintiff also received a high volume of phone calls from Defendant to her
6  wireless cellular telephone beginning June of 2014.

7      20.    Defendant is a third party debt collector located at 2978 West Jackson
8  Street, PO Box 3910, in the City of Tupelo, State of Mississippi.

9      21.    Plaintiff disputed to Defendant's agent over the telephone the allegation
10 that she owed this alleged debt, because her account number with AT&T was very
11 different and Plaintiff never went into default upon her true AT&T account number.

12     22.    However, Defendant's agents became very argumentative with Plaintiff in
13 the face of her verbal dispute, and threatened that if Plaintiff did not pay the alleged
14 amount then she would go to jail.

15     23.    Plaintiff protested the allegation that she could go to jail over an alleged
16 $56.82 debt that she did not even owe, and in response the agents stated that it does not
17 matter if the debt is $56 or $5, she would go to jail if she did not make the payment.

18     24.    Defendant's conduct caused arguments between Plaintiff and her husband,
19 with Plaintiff insisting that she not be the victim of Defendant's efforts to extort money
20 out of her for an account that she does not owe whereas her husband insisted that she
21 just pay the small amount of money to make Defendant leave them alone.

25. Plaintiff suffered severe emotional distress by way of loss of sleep, crying, nervousness, anxiety, and fear over the thought that she might possibly go to jail for a debt that she does not owe.

26. Plaintiff eventually succumbed to the pressure and paid the $56.82 to Defendant.

27. In August of 2014, Plaintiff discovered that her consumer credit report reflects that Defendant began reporting in June of 2014 the alleged debt upon her credit report, and reported her as in default thereupon, despite the fact that it is not her debt.

28. This derogatory reporting has caused Plaintiff's consumer credit score to suffer significantly, and has contributed to her emotional distress in that she has felt helpless as if she were in a trap of being persistently oppressed by Defendant and prevented from moving forward in her life as a consumer.

**FIRST CAUSE OF ACTION**
**(VIOLATIONS OF FDCPA)**
**15 U.S.C. §§ 1692-1692p**

29. Plaintiff re-alleges and incorporates by reference the above paragraphs, as though set forth fully herein.

30. By reporting upon Plaintiff's consumer credit reports in August of 2014 the false information that Plaintiff is in default for an account that Plaintiff did not owe to AT&T, Defendant FRANKLIN has therefore committed the following violations of the Federal FDCPA:

    a. Engaged in false, deceptive, or misleading representation or means in

connection with the collection of a debt in violation of 15 U.S.C. § 1692e,

b. Has falsely represented the character and legal status of the debt in violation of 15 U.S.C. § 1692e(2)(A),

c. Has communicated to the credit reporting agencies information that is known or should be known to be false in violation of 15 U.S.C. § 1692e(8),

d. Has used false representations and deceptive means to collect or attempt to collect a debt in violation of 15 U.S.C. § 1692e(10), and

e. Engaged in unfair or unconscionable means to collect or attempt to collect any debt in violation of 15 U.S.C. § 1692f.

31. By threatening to Plaintiff that she would be arrested for failing to pay the debt, and did so with the intention of scaring Plaintiff into paying the debt, Defendant FRANKLIN has committed the following violations of the Federal FDCPA:

a. Engaged in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d, and

b. Engaged in false, deceptive, or misleading representation or means in connection with the collection of a debt in violation of 15 U.S.C. § 1692e, and

c. Has falsely represented the character and legal status of the debt in violation of 15 U.S.C. § 1692e(2)(A), and

     d. Has falsely uttered the representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action in violation of 15 U.S.C. § 1692e(4), and

     e. Has used false representations and deceptive means to collect or attempt to collect a debt in violation of 15 U.S.C. § 1692e(10), and

     f. Has uttered a threat to take any action that cannot legally be taken or that is not intended to be taken in violation of 15 U.S.C. § 1692e(5), and

     g. Has uttered the false representation or implication that the consumer committed any crime or other conduct in order to disgrace the consumer in violation of 15 U.S.C. § 1692e(7), and

     h. Engaged in unfair or unconscionable means to collect or attempt to collect any debt in violation of 15 U.S.C. § 1692f of the FDCPA.

32. By refusing to acknowledge Plaintiff's dispute over whether she owes the alleged debt and persisting in arguing with her and threatening her as described above, Defendant has committed the following violations of the Federal FDCPA:

     a. Engaged in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d, and

     b. Engaged in false, deceptive, or misleading representation or means in

connection with the collection of a debt in violation of 15 U.S.C. § 1692e, and

c. Engaged in unfair or unconscionable means to collect or attempt to collect any debt in violation of 15 U.S.C. § 1692f of the FDCPA.

**SECOND CAUSE OF ACTION**
**(VIOLATIONS OF ROSENTHAL ACT)**
**CAL. CIV. CODE §§ 1788-1788.32**

33. Plaintiffs re-alleges and incorporates by reference the above paragraphs, as though set forth fully herein.

34. By violating the FDCPA, as identified the First Cause of Action above, Defendant FRANKLIN has also necessarily violated the Rosenthal Act via Calif. Civil Code § 1788.17, as the Rosenthal Act has incorporated each of those provisions of the FDCPA.

35. Plaintiff is informed and believes that these violations were willful, in that Plaintiff specifically informed Defendant that she does not owe the debt, yet Defendant persisted in its abusive collection tactics and derogatory credit reporting anyway.

**THIRD CAUSE OF ACTION**
**(VIOLATIONS OF CALIF. CCRAA)**
**CAL. CIV. CODE § 1785.25(a)**

36. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs as if fully stated herein.

37. As the furnisher of information to credit reporting agencies, Defendant FRANKLIN is and always was obligated to not furnish information on a specific

1 transaction or experience to any consumer credit reporting agency if it knew or should

2 have known the information was incomplete or inaccurate, as required by Calif. Civ.

3 Code § 1785.25(a) of the California CCRA.

4   38.  Because Defendant FRANKLIN began reporting upon Plaintiff's

5 consumer credit reports in June of 2014 the false information that they she is in default

6 on a line of credit that she did not actually owe, Defendant FRANKLIN has thereby

7 repeatedly violated its obligations under Calif. Civ. Code § 1785.25(a).

8   39.  Plaintiff is informed and believes that these violations were willful, in that

9 Plaintiff specifically informed Defendant that she does not owe the debt yet Defendant

10 persisted in its abusive collection tactics and derogatory credit reporting anyway.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant as follows:

- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);

- An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);

1     •    An additional award of statutory damages of $1,000.00 pursuant to 15
2          U.S.C. § 1692k(a)(2)(A), as incorporated into the Rosenthal Act via Calif.
3          Civ. Code §1788.17, which is cumulative and in addition to all other
4          remedies pursuant to California Civil Code § 1788.32;
5     •    An award of actual damages pursuant to California Civil Code §
6          1788.30(a);
7     •    An award of costs of litigation and reasonable attorney's fees pursuant to
8          Cal. Civ. Code § 1788.30(c);
9     •    Actual damages, for Defendant FRANKLIN's negligent violations of Calif.
10         Civ. Code § 1785.25(a), pursuant to Calif. Civ. Code § 1785.31(a)(1);
11     •    Actual damages plus punitive damages of $100.00-$5,000.00 from
12         Defendant FRANKLIN for every willful violation of Calif. Civ. Code §
13         1785.25(a), pursuant to Calif. Civ. Code § 1785.31(a)(2)(A)-(C);
14     •    Injunctive relief pursuant to Calif. Civ. Code § 1785.31(b); and
15     •    Any reasonable attorney's fees and costs to maintain the instant action from
16         Defendant FRANKLIN's, pursuant to Calif. Civ. Code § 1785.31(d).

17 ///

18 ///

19 ///

20 ///

21 ///

1     Pursuant to the seventh amendment to the Constitution of the United States of

2 America, Plaintiff is entitled to, and hereby demands, a trial by jury.

3 Dated: May 15, 2015                    Respectfully submitted,

4                                        SEMNAR & HARTMAN, LLP

5                              By:    /s/ Jared M. Hartman_____
                                      Jared M. Hartman, Esq.
6                                     Attorney for Plaintiff